**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER JAVIER
VAZQUEZ CARBUCCIA,

                Plaintiff,
     v.

STATE OF NEW YORK and SCHENECTADY      No. 1:22-CV-196
FAMILY COURT,      (GTS/CFH)

                Defendants.
_____

**APPEARANCES:**

Christopher Javier Vazquez Carbuccia
45 Arnold Ave.
Apt. 2
Amsterdam, New York 12010
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

    Plaintiff pro se[1] Christopher J. Vazquez ("plaintiff") purported to commence this action on March 2, 2022, by filing a complaint. See Dkt. No. 1 ("Compl."). Plaintiff did not pay the filing fee or submit an application for leave to proceed in forma pauperis ("IFP"). See id. Accordingly, the Court administratively closed the case with an opportunity to comply with the filing fee requirement. See Dkt. No. 2. The Order directed plaintiff to either submit the full $402 filing fee or complete an IFP application within thirty days of the filing date of the Order. See id. at 1. The Order was filed on

---

[1] Pro se means "to appear for one's self" or that a person is not represented by an attorney or another person. Iannaccone v. L., 142 F.3d 553, 558 (2d Cir. 1998).

March 4, 2022. See id. Thus, plaintiff had until April 4, 2022,[2] to timely pay the filing fee or file an IFP application. Plaintiff was sent a copy of the Order by regular mail. On March 18 and April 28, 2022, plaintiff contacted the Albany Clerk's Office asking about the status of his case and he was informed that he needed to submit his IFP application. Plaintiff submitted an IFP motion on May 5, 2022, 31 days past the deadline set forth in the administrative closure order. See Dkt. No. 3.

Despite plaintiff's untimeliness, given the fact that he is proceeding pro se, and due to special solicitude, the undersigned will consider this belated filing. Plaintiff has previously failed to follow these filing requirements, but the undersigned has nevertheless considered the IFP application. See Vazquez v. Times Union Newspaper, 1:21-CV-1359 (DNH/CFH), Dkt. No. 5 at 1-2; Vazquez v. Hometown Health Center, 1:21-CV-1371 (MAD/CFH), Dkt. No. 8 at 1-2. The undersigned has reviewed plaintiff's present IFP motion and determines that he financially qualifies to proceed IFP for the purpose of filing.[3] See Dkt. No. 3.

## II. Initial Review

### A. Legal Standard

Section 1915[4] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court

---

[2] Thirty days from March 4, 2022, was April 3, 2022. However, April 3, 2022, was a Sunday; therefore, plaintiff had until the April 4, 2022, to timely file the IFP application. See FED. R. CIV. P. 6(a)(1).
[3] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any costs and fees that he may incur in this matter, including, but not limited to, any copying fees or witness fees.
[4] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

     Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

---

courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.

352, 355 (N.D.N.Y. 1996). The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citation omitted). If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Plaintiff's Filing History[5]

Plaintiff has a history of filing in the Northern District of New York, untimely IFP applications and complaints that are often dismissed at the pleading stage. The following recitation of plaintiff's filing history has been derived from Chief Judge Suddaby's Show Cause Order in case number 1:22-PF-2 (GTS), Dkt. No. 1 at 2-4:

1. Vazquez v. Dollar General Corp., 1:21-CV-0330 (BKS/CFH), Dkt. No. 14 (dismissing plaintiff's complaint without prejudice); Dkt. No. 15 (entering judgment dismissing plaintiff's complaint following his failure to file an amended complaint); see 2021 WL 4407817, at *4 (N.D.N.Y. Sept. 27, 2021), motion for relief from judgment denied, 2022 WL 279560 (N.D.N.Y. Jan. 31, 2022).[6]

---

[5] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.
[6] Although the undersigned provides the Westlaw citations for plaintiff's other cases in the Northern District, copies have not been provided to plaintiff as he was provided copies by certified and/or regular mail when the orders or decisions were filed.

2. <u>Vazquez v. Times Union Newspaper</u>, 1:21-CV-1359 (DNH/CFH), Dkt. No. 2 (ordering administrative closure for plaintiff's failure to pay the filing fee or file an IFP motion); Dkt. Nos. 5, 7, 8 (granting plaintiff's belatedly filed IFP motion but dismissing the complaint with prejudice and without leave to amend for failure to state a claim or establish subject matter jurisdiction); <u>see</u> 2022 WL 837474, at *4 (N.D.N.Y. Mar. 1, 2022), <u>report and recommendation adopted</u>, 2022 WL 833370 (N.D.N.Y. Mar. 21, 2022).

3. <u>Vazquez v. Hometown Health Center</u>, 1:21-CV-1371 (MAD/CFH), Dkt. No. 2 (ordering administrative closure for plaintiff's failure to pay the filing fee or file an IFP motion); Dkt. No. 8 (granting the belatedly filed IFP application and recommending dismissal of the complaint for failure to establish subject matter jurisdiction or state a claim); <u>see</u> 2022 WL 2304213, at *6 (N.D.N.Y. June 27, 2022).

4. <u>Vazquez v. St. Mary's Healthcare</u>, 1:22-CV-0317 (GTS/TWD), Dkt. No. 2 (ordering administrative closure for failure to pay the filing fee or file an IFP motion); Dkt. No. 7 (recommending dismissal of the complaint for failure to state a claim or establish subject matter jurisdiction); <u>see</u> 2022 WL 1659194, at *4 (N.D.N.Y. May 25, 2022); Dkt. Nos. 9, 10 (dismissing plaintiff's complaint without prejudice and without leave to amend).

Based on these filings, and plaintiff "becom[ing] increasingly abusive when communicating with Court staff[,]" on May 2, 2022, Chief Judge Suddaby ordered plaintiff to, within fourteen days, "show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the

6

Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee[.]" In re: Christopher J. Vazquez, 1:22-PF-002 (GTS), Dkt. No. 1 at 4, 8.  Plaintiff did not respond within fourteen days and on May 23, 2022, Chief Judge Suddaby entered a pre-filing injunction pursuant to 28 U.S.C. § 1651(a), permanently enjoining plaintiff from filing any documents in the Northern District without prior permission of the Chief Judge or his or her designee.  See id. at Dkt. No. 2.  Plaintiff's filings in the present matter were filed prior to Chief Judge Suddaby's imposition of the injunction and, as such, the undersigned will proceed to review the complaint's sufficiency under the § 1915 standard.  See id. at 7 ("[N]othing in this Pre-filing Order . . . affects his rights in any of his currently pending actions[.]").

### C. Plaintiff's Complaint

Plaintiff's "complaint" is a one-page handwritten letter stating that he is "suing the State of New York for the mis-handling of [his] case in the 'Schenectady County Family Court System.'"  Compl. (emphasis omitted).  Plaintiff asserts that the Schenectady County Family Court "completely ignored all the information [he] gave them, and allowed an enraged vindictive girl, to take control of [his] daughter."  Id.  Plaintiff also seeks to sue "the State of New York for defamation, emotional distress, and abuse of power.  There were dishonorable restraining orders put in play [sic], all [he] believe[s], on the State[']s data, pass data.  No proper vetting process on the State[']s behalf."  Id. (emphasis omitted).  Plaintiff contends that "[t]he State made it extremely easy for this vindictive, stressed, enraged girl, to literally walk in and put a man[] through a gruesome process that is not only predicated on vindiction [sic] but also a bias, skewed

perspective." Id.  Plaintiff states that he "want[s his] hearing by August 18th.  [He] want[s] 2.5 million USD from the State for their incompetence." Id.

On May 5, 2022, plaintiff submitted a copy of a Complaint and Summons from the Supreme Court of the State of New York, County of New York.  See Dkt. No. 4.  Plaintiff crossed off "New York" as the county, and hand-wrote, "Schenectady." Id. at 1-2.  Plaintiff named the Schenectady County Family Court in the Complaint and Summons, and wrote that, "[o]n and/or, around, the Duration of 4/13/2020 – 9/17/21, also carrying into 2022 year, today's date 4/18/22 the Defendant(s), approved ILLEGAL restraining orders that prevented me from seeing my daughter and still is." Id. at 2.  Plaintiff states that "[t]he Defendant(s), refused to accept my wishes with unjustifiable means.  Schenectady County and it's associates, have went Rogue I believe with bad intent, and I am here to be compensated for their doing, nothing more, nothing less." Id.

Plaintiff also submitted a letter seeking diplomatic immunity and "to take an oath, to insure [sic] confidentiality[.]"  Dkt. No. 5.  Plaintiff filed this same letter in his other cases filed in the Northern District.[7]  Finally, plaintiff submitted a letter seeking "7 Billion USD for the State's . . . Abuse of power in 'Schenectady County Family Court' And also in a case that '[he] was involved in' . . . in 2013. . . ." Dkt. No. 6.  Included with the letter, is an Albany County 2013 Certificate of Conviction for attempted criminal possession of contraband or narcotics in which plaintiff received five years' probation, his driver's license was suspended, and he had to pay a "Mandatory Surcharge of $325.00[.]" Id. at 2.

---

[7] See Dollar General Corp., 1:21-CV-330, Dkt. No. 32; Times Union Newspaper, 1:21-CV-1359, Dkt. No. 10; Hometown Health Center, 1:21-CV-1371, Dkt. No. 6; St. Mary's Healthcare, 1:22-CV-317, Dkt. No. 6.

### D. Analysis

### 1. Subject Matter Jurisdiction

As an initial matter, plaintiff's purported complaint fails to establish this Court's subject matter jurisdiction. See Compl. Subject matter jurisdiction can be established either through federal question or diversity jurisdiction. Under 28 U.S.C. § 1331, a case "arising under the Constitution, laws, or treaties of the United States[]" is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State, and the amount in controversy is more than $75,000, is a diversity case. If the Court has subject matter jurisdiction over federal claims, the Court may choose to exercise supplemental jurisdiction over any state law claims. See 28 U.S.C.A. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

Plaintiff has not named a Constitutional provision or federal law under which he seeks to bring his claims; therefore, he has not established federal question jurisdiction. See Compl; see, e.g., Wray-Davis v. N.Y. Methodist Hosp., No. 16-CV-1618 (NGG/CLP), 2016 WL 1441332, at *2 (E.D.N.Y. Apr. 8, 2016) ("[T]he Complaint suggests no basis for federal-question jurisdiction, as [the p]laintiff is not suing under the Constitution or any federal laws. Instead, [the p]laintiff alleges malpractice, which is a state law claim."). Similarly, plaintiff has not purported to sue a citizen of a different state; therefore, diversity jurisdiction does not exist. See Compl. As subject matter jurisdiction has not been established, the Court cannot then exercise supplemental jurisdiction over any purported state law claims such as plaintiff's reference to

9

"defamation." Id.; see Kolari v. New York Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (citing 28 U.S.C. § 13672(c)(3)) (explaining that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed). Accordingly, as plaintiff has not established this Court's jurisdiction, the undersigned recommends dismissing the purported complaint without prejudice. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

Even if the undersigned were to liberally construe the purported complaint as alleging a due process violation pursuant to 42 U.S.C. § 1983 as plaintiff states that his family court case was "mishandled," such a claim would necessarily fail as the State of New York and Schenectady County Family Court are immune from suit. Compl.; cf. Amato v. McGinty, No. 1:17-CV-593 (MAD/ATB), 2017 WL 9487185, at *6 (N.D.N.Y. June 6, 2017), report and recommendation adopted, 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017) (citations omitted) ("To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted 'under color of state law.'").

### 2. Eleventh Amendment Immunity

"Under clearly established law, the Eleventh Amendment provides states immunity in federal court." Johnson v. Fischer, No. 1:19-CV-1384 (TJM/DJS), 2020 WL 758964, at *2 (N.D.N.Y. Feb. 14, 2020) (citing Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006)). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their

10

Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." Allessi v. N.Y. State Dep't of Corr. & Cmty. Supervision, 16 F. Supp. 3d 221, 225 (W.D.N.Y. 2014) (citations omitted).  "It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Bd. of Regents, 367 F. App'x. 191, 192 (2d Cir. 2010) (summary order) (internal citations omitted).  Accordingly, plaintiff cannot bring this action against the State of New York.

Moreover, "[t]he Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'" McGinty v. New York, 251 F.3d 84, 95 (2d Cir. 2001) (citations omitted); see McKnight v. Middleton, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), aff'd, 434 F. App'x 32 (2d Cir. 2011) (citations omitted) ("[T]he New York State Unified Court System is entitled to sovereign immunity as an 'arm of the State.'").  The Schenectady County Family Court is a part of the New York State Unified Court System and is entitled to sovereign immunity. See Yi Sun v. Saslovsky, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *3 (S.D.N.Y. Aug. 6, 2020) (collecting cases) ("The New York Family Courts . . . are arms of the State of New York and enjoy Eleventh Amendment immunity.").  Accordingly, had plaintiff established subject matter jurisdiction, his purported claim against the Schenectady County Family Court would have to be dismissed.

### 3. Additional Letters

Plaintiff's letter seeking "Diplomatic Immunity[,]" is baseless as plaintiff is not a diplomat.  Dkt. No. 5; see Swarna v. Al-Awadi, 622 F.3d 123, 133 (2d Cir. 2010) (quoting Vienna Convention art. 31(1)) ("[A] 'diplomatic agent shall enjoy immunity from

the criminal . . . civil and administrative jurisdiction' of the receiving state."). Further, to the extent plaintiff's May 6, 2022, letter references a 2013 conviction, he did not include information concerning the conviction in his purported complaint, his letter does not provide any information as to the relief he seeks in relation to the conviction, and he does not explain how an Albany County conviction relates to the State of New York or its "vetting process" of his Schenectady County Family Court case.  Compl.; see Dkt. No. 6; see also 28 U.S.C. § 1915A ("[T]he court shall [] dismiss the complaint . . . if the complaint [] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]").  Accordingly, such claims could not stand even if plaintiff had established jurisdiction.

### III. Opportunity to Amend

Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).  "[L]ack of subject-matter jurisdiction is generally viewed as a substantive defect."  Planck v. Schenectady Cnty., No. 1:12-CV-0336 (GTS/DRH), 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012) (footnote omitted).  As plaintiff has not established jurisdiction, the purported defendants are immune from suit, and in light of

12

the problems in plaintiff's filing history, the undersigned recommends dismissing plaintiff's complaint without leave to amend. See, e.g., St. Mary's Healthcare, 2022 WL 1659194, at *4 (citing Johnson v. Progressive.com, 19-CV-11202 (CM), 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (declining to grant *pro se* plaintiff leave to amend in light of the plaintiff's "abusive litigation history" and where amendment would be futile)); see also Times Union Newspaper, 2022 WL 833370, at *1 (dismissing with prejudice and without leave to amend).

### IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 3) will be considered, and, upon consideration, is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[8]

      Dated: June 30, 2022
            Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[8] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).